NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In the Matter of | : | Case No. 10-21912/JHW |
| William S. and Janie M. Maines | : | |
| Debtors. | : | **OPINION** |

APPEARANCES:  Moshe Rothenberg, Esq.
718 East Landis Avenue
Vineland, New Jersey 08360
Counsel for the Debtors

Steven W. Ianacone, Esq.
United States Attorney
District of New Jersey
One Newark Center, Suite 1500
Newark, New Jersey 07102-5224
Counsel for the IRS

**FILED**
JAMES J. WALDRON, CLERK

October 8, 2010

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

The debtors seek here to compel the Internal Revenue Service to turn over their prepetition tax refund that was retained and offset by the IRS against a dischargeable prepetition tax liability owed by the debtors. The debtors assert that the IRS's opportunity to set off prepetition income tax refunds is limited to nondischargeable prepetition tax liabilities. Because section 553 authorizes the set off without limitation to nondischargeable debt, the debtors' motion is denied.

## FACTS

William S. and Janie M. Maines filed a joint voluntary no-asset Chapter 7 petition on April 20, 2010. Among their personal property listed in Schedule B, the debtors scheduled an anticipated 2009 tax refund in the amount of $2,900. They sought to exempt the full amount of the refund pursuant to the wildcard provision contained in 11 U.S.C. § 522(d)(5).[1]

Following the filing of their bankruptcy case, the Internal Revenue Service ("IRS") retained the debtors' 2009 tax refund to offset a prepetition tax liability for an earlier tax year. On July 13, 2010, debtors filed this motion seeking to compel the IRS to turn over their 2009 tax refund to them. The debtors have acknowledged that they have a tax liability for the 2006 tax year, but they contend that it is not a priority claim and is otherwise dischargeable. The 2006 tax claim falls outside of the statutorily protected 240-day and three year time periods, see 11 U.S.C. § 523(a)(1)(A) and 507(a)(8). Therefore, the tax

---

[1] The debtors exempted the entire amount of their anticipated "refund" in their schedules. The analysis of the difference between an "overpayment" and a "refund" provided in In re Gould, 401 B.R. 415, 424 (9th Cir. BAP 2009) is instructive here. The debtors' entitlement to a refund following an overpayment for a particular tax year is contingent upon the Commissioner's discretion to apply the overpayment to other tax liabilities. The debtors' exemption does not attach until a refund is determined to exist. See In re Luongo, 259 F.3d 323, 335 (5th Cir. 2001).

debt is a dischargeable unsecured claim.  The debtors recognize that 11 U.S.C. § 362(b)(26) exempts from the automatic stay any action taken by the IRS to set off a refund related to a prepetition tax period against a prepetition tax liability in the normal course, but they contend that this offset should only be permitted with respect to nondischargeable debts.[2]

The IRS disagrees, asserting that section 362(b)(26) authorizes them to apply any setoff rights that they may have under nonbankruptcy law to offset a refund attributable to a prepetition taxable period with a prepetition tax liability regardless of the debtors' bankruptcy filing.  The IRS seeks an award of $500.00 in attorney's fees "due to debtor's attorney's failure to know the Bankruptcy Code governing this Court."  IRS Resp. at 3.

## **DISCUSSION**

Section 553, entitled "Setoff", "sets forth a general rule, with certain exceptions, that any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the [other provisions in the] Bankruptcy Code."  <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 20,

---

[2] A month after filing their motion, the debtors received their Chapter 7 discharge on August 13, 2010.

116 S. Ct. 286, 289, 133 L.Ed.2d 258 (1995). See also H.R. rep. No. 595, 95th Cong., 1st Sess. 377 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 91 (1978) ("The section states that the right of setoff is unaffected by the bankruptcy code."). With exceptions that are not relevant here, section 553(a) provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. § 553(a). "Section 553 does not create an independent right to setoff, '[r]ather, it recognizes and preserves setoff rights that [already] exist under applicable non-bankruptcy law.'"[3] In re Stienes, 285 B.R. 360, 362 (Bankr. D.N.J. 2002) (quoting In re Hazelton, 85 B.R. 400, 403 (Bankr. E.D.Mich.), rev'd on other grounds, 96 B.R. 111 (E.D.Mich.1988)). See also In re Gould, 401 B.R. 415, 423 (9th Cir. BAP 2009) ("§ 553 does not establish independent setoff rights in bankruptcy but rather preserves setoff rights existing under law independent of the Bankruptcy Code").

---

[3] The Third Circuit in Continental Airlines also "recognize[d] that a right of setoff is preserved under § 553 in a bankruptcy proceeding," provided that it is "exercised by the creditor in a timely fashion and appropriately asserted in accordance with other provisions of the Bankruptcy Code." In re Continental Airlines, 134 F.3d 536, 541 (3d Cir. 1998).

To establish a right to pursue setoff under section 553, the movant must first establish that

1. A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case.

2. The creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case.

3. The debt and the claim are mutual obligations.

Folger Adam Security, Inc. v. DeMatteis/MacGregor JV, 209 F.3d 252, 262-63 (3d Cir. 2000) (citing to Braniff Airways, Inc. v. Exxon Co., U.S.A., 814 F.2d 1030, 1035 (5th Cir.1987)).  See also In re Myers, 362 F.3d 667, 672 (10th Cir. 2004); In re McKay, 420 B.R. 871, 877 (Bankr. M.D.Fla. 2009); In re Lehman Brothers Holdings Inc., 404 B.R. 752, 757 (Bankr. S.D.N.Y. 2009).  The existence of these three elements has not been challenged here.  Nor do the debtors dispute that the IRS has recourse to nonbankruptcy law that would support its right to set off a prepetition tax refund with a prepetition tax liability.[4]  Instead, the focus of the debtors' challenge is on the application of

---

[4] Among other provisions, 26 U.S.C. § 6402(a) provides in relevant part:

> In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f), refund any balance to such person.

section 362.

Prior to October 2005, all creditors, including the IRS, were required to seek relief from the automatic stay before pursuing their section 553 nonbankruptcy law setoff opportunities. At that time, section 362(a)(7) provided for a blanket stay prohibiting creditors from exercising their rights to offset prepetition debts owed to the debtor with prepetition debts owed by the debtor, absent relief from the automatic stay as granted by the court. See Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 17, 116 S. Ct. 286, 288, 133 L.Ed.2d 258 (1995); Meyer Medical Physicians Group, Ltd. v. Health Care Service Corp., 385 F.3d 1039, 1041 (7th Cir. 2004) (the decision to grant relief from the automatic stay to allow a setoff under section 553 lies with the sound discretion of the court). Section 362(a)(7) did "not affect the right of creditors. It simply stay[ed] its enforcement pending an orderly examination of the debtor's and creditor's rights.'" In re Ketelsen, 282 B.R. 208, 214 (Bankr. E.D.Tenn. 2001) (quoting In re Fulghum Constr. Corp., 23 B.R. 147, 153 (Bankr. M.D.Tenn. 1982)).

In October 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BACPA") which amended the automatic stay provisions of the Bankruptcy Code by adding section 362(b)(26). That

subsection excepts a governmental unit seeking to offset an income tax refund from the general proscription against setoffs while the automatic stay is in place.[5] The legislative history explains that this section was added to allow this type of setoff "without court order unless it would not be permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of the tax liability. In that circumstance, the governmental authority may hold the refund pending resolution of the action, unless the court, on motion of the trustee and after notice and a hearing, grants the taxing authority adequate protection pursuant to section 361." H.R. Rep. No. 31, 109th Cong., 1st Sess. 718 (2005). In effect, section 362(b)(26) creates an exception to the section 362(a)(7) general restriction against setoffs without

---

[5] More specifically, section 362(b)(26) provides that the automatic stay will not stay does not operate as a:

> under subsection (a), of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief, except that in any case in which the setoff of an income tax refund is not permitted under applicable nonbankruptcy law because of a pending action to determine the amount or legality of a tax liability, the governmental unit may hold the refund pending the resolution of the action, unless the court, on the motion of the trustee and after notice and a hearing, grants the taxing authority adequate protection (within the meaning of section 361) for the secured claim of such authority in the setoff under section 506(a).

11 U.S.C. § 362(b)(26).

prior court approval by expressly allowing the IRS to offset refunds against prepetition tax liabilities without first seeking relief from the automatic stay. See In re Gould, 603 F.3d 1100 (9th Cir. 2010) ("for cases filed after October 17, 2005, 11 U.S.C. § 362(b)(26) permits the IRS to set off a pre-petition income tax overpayment against a pre-petition income tax liability without seeking relief from the automatic stay"); In re Ewing, 400 B.R. 913, 916 (Bankr. N.D.Ga. 2008) (section 362(b)(26)"carve[s] out a special exception for an income tax refund setoff by a governmental unit").

While section 362(b)(26) allows governmental setoffs without prior relief from the automatic stay, the section does not alter a creditor's setoff opportunity based on the dischargeability of the debt. Because section 362(b)(26) amended only the requirement for stay relief, but did not otherwise amend the application of section 553, the case law existing prior to the amendment adding section 362(b)(26) to the Code is equally relevant to the question before the court, namely whether the IRS can offset a discharged or dischargeable debt.

The pre-BAPCPA courts that have addressed this question have focused on reconciling section 553 with 11 U.S.C. § 524. Section 524(a) provides that a debtor's discharge serves as an injunction against any attempt to offset any

discharged debt as a personal liability of the debtor. In contrast to the section 524 blanket injunction, section 553 states that, with certain exceptions, "any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." Citizens Bank of Maryland v. Strumpf, 516 U.S. at 20, 116 S. Ct. at 289.

Most courts that have addressed the conflict between section 524(a) and section 553 have favored the view that the section 553 right to setoff controls. See, e.g., In re Luongo, 259 F.3d 323 (5th Cir. 2001); In re Davidovich, 901 F.2d 1533 (10th Cir. 1990); In re Bryant, 399 B.R. 477 (Bankr. W.D.Ky. 2009); In re Bourne, 262 B.R. 745, 758-59 (Bankr. E.D.Tenn. 2001). In an early case addressing this question, Judge Shelley concluded that if a creditor satisfied the requirements for a setoff pursuant to section 553, "nothing in the Code or in the case law would indicate that [a] discharge would bar a creditor from exercising a right to setoff which existed at the time of filing the petition." In re Conti, 50 B.R. 142, 149 (Bankr. E.D.Va. 1985). The court noted that

> To hold otherwise would mean that if a creditor failed to file for relief from stay or failed to have its relief from stay granted prior to discharge, its right to setoff would be lost. In addition, to follow this line of reasoning would mean precluding a third party who stands as both debtor and creditor of the bankrupt from effecting a setoff upon demand by the trustee in bankruptcy for the balance of the debt due to the debtor, which demand may be made after the debtor has received his discharge.

Id. The court reasoned that the section 524(a)(2) injunction applies only to the setoff of a post petition refund against a prepetition discharged debt. Id. See also In re Bryant, 399 B.R. 477, 479 (Bankr. W.D.Ky. 2009) ("The discharge bars the IRS from offsetting any postpetition refund it owes to the Debtor against a prepetition tax liability Debtor owes it."); In re Bourne, 262 B.R. at 758-59.

In Luongo, the Fifth Circuit addressed the validity of an IRS setoff of a tax overpayment against separate prepetition tax liabilities that were discharged. The court acknowledged the "apparent inconsistency between § 524(a)(2)'s prohibition on offsets and § 553's recognition of setoff rights," and ultimately "agree[d] with the vast majority of courts considering the relationship between § 524(a) and § 553 that a debtor's discharge in bankruptcy does not bar a creditor from asserting its right to setoff." 259 F.3d at 333 (citing cases). Judge Benavides explained that:

> It is impossible for us to ignore the clear statement of § 553 that "this title [the Bankruptcy Code] does not affect any right of a creditor to offset...." We interpret this statement to allow a discharged debt to be setoff upon compliance with the terms and conditions provided in § 553, notwithstanding § 524(a)'s post-discharge bar.

Id. With respect to taxes in particular, the court stated that:

> Practical considerations reinforce a rule governing setoff against discharged debt that disregards the timing of the debtor's action in favor of when it accrued. A contrary conclusion would open the proverbial floodgates to all manner of deception. Specifically with regard to taxes, allowing dischargeability to act as a bar would permit a debtor to shelter assets from his creditors by making substantial overpayments to the IRS during a given tax year. The debtor could withhold the filing of his tax return until after he had filed for bankruptcy and received a discharge. Post-discharge, the debtor could obtain his tax refund free from the claims of his creditors. Such a result would not comport with the equitable nature of the Bankruptcy Code.

Id. at 334-35. In sum, the court concluded that "[u]pon compliance with the terms of § 553, a creditor's right to setoff is not affected by the post-discharge bar on collection efforts in § 524(a)(2)." Id. at 336.

I agree with the majority of courts that have concluded that "once the requirements for setoff have been established, 'that right of setoff is not affected by any provision of title 11, except, as noted in section 553(a) itself, sections 362 and 363.'" In re Ketelsen, 282 B.R. 208, 212 (Bankr. E.D.Tenn. 2001) (quoting In re Holder, 182 B.R. 770, 776 (Bankr. M.D.Tenn. 1995)). Clearly, both section 362(b)(26) and section 553(a) would allow the IRS to effect a setoff if permitted to do so under nonbankruptcy law. Section 362(b)(26) does not change prior BAPCPA practice or case law. There is no express or implied limitation on the IRS's ability to setoff this refund in section 553 or section 362(b)(26). See also In re Packer, No. 07-10556-JMD, 2007 WL 3331534, *2

(Bankr. D.N.H. Nov. 6, 2007) ("Sections 362(b)(26) and 553(a) of the Bankruptcy Code contemplate that taxing authorities may setoff off a mutual debt, i.e., a creditor, like the IRS, may offset a debtor's prepetition overpayment of taxes one year against a debtor's prepetition liability for unpaid taxes for another year.").

Because it is not otherwise disputed that the IRS has the authority to offset a prepetition refund against a prepetition tax liability, the debtors' motion will be denied. The quest of the IRS for attorney's fees to be imposed against the debtors for filing this motion is denied, because insufficient grounds have been advanced for that relief.

Dated: October 8, 2010

/s/ Judith H. Wizmur
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT